# EXHIBIT A

## <u>INDEX OF DOCUMENTS ATTACHED AS EXHIBIT "A"</u>

Pages 2-11          Dkt 1- Summons and Complaint

Pages 12-13         Dkt 2- Affidavit of Service as to Defendant Mitsubishi

Pages 14-16         Dkt 3- Affidavit of Service as to Defendant Syed Ali Zain

Pages 17-19         Dkt 4- Affidavit of Compliance as to Service upon
                    Defendant Syed Ali Zain

Pages 20-24         Dkt 5- Exhibit A (Police Report) to Affidavit of Compliance

Pages 25-34         Dkt 6- Ex B (Summons and Complaint) to Affidavit of Compliance

Pages 35-37         Dkt 7- Ex C (Affidavit of Service as to Defendant Syed Ali Zain)
                    to Affidavit of Compliance

Pages 38-41         Dkt 8- Ex D (Registered Mailing to Defendant Syed Ali Zain)
                    to Affidavit of Compliance

Pages 42-47         Dkt 9- Answer on behalf of Defendants

Pages 48-49         Dkt 10- Defendants Demand for Total Damages

Pages 50-51         Dkt 11- Proof of Service of Defendants' Answer
                    and Discovery Demand

NYSCEF DOC. NO. 1- SUMMONS AND COMPLAINT

Case 1:23-cv-01085-LJV-LGF   Document 1-2   Filed 10/16/23   Page 4 of 52

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF GENESEE
_____

DEVON A. PRIDMORE
4575 Barriville Road
Elba, NY 14058

Index No.

Plaintiff designates Genesee
County as the place of trial

Plaintiff

The basis of venue is
plaintiff's residence

vs.

SYED ALI ZAIN
49 Colonel Frank Ching Crescent
Burlington, Ontario L6Y5W4
CANADA

**SUMMONS**

The plaintiff resides at:

MITSUBISHI HC CAPITAL CANADA, INC.
f/k/a HITACHI CAPITAL CANADA CO.
3390 South Service Road, Suite 301
Burlington, Ontario L7N3J5
CANADA

4575 Barriville Road
Elba, NY 14058

County of Genesee

Defendants

_____

TO THE ABOVE NAMED DEFENDANTS:

     **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff(s) Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

DATED:     Buffalo, New York
           November 10, 2021

Case 1:23-cv-01085-LJV-LGF   Document 1-2   Filed 10/16/23   Page 5 of 52

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By: _____
        CHERIE L. PETERSON, ESQ.
Attorneys for Plaintiff
Office and P.O. Address
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333
[CLP:  #64549.0001]

Case 1:23-cv-01085-LJV-LGF   Document 1-2   Filed 10/16/23   Page 6 of 52

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF GENESEE
_____

DEVON A. PRIDMORE

                                        Plaintiff            **COMPLAINT**

vs.                                                          Index No.

SYED ALI ZAIN and
MITSUBISHI HC CAPITAL CANADA, INC.
f/k/a HITACHI CAPITAL CANADA CO.

                                        Defendants
_____


        Plaintiff, above named, by his attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP,

for his Complaint against the defendants, alleges:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, SYED ALI ZAIN AND MITSUBISHI HC CAPITAL CANADA, INC. F/K/A HITACHI CAPITAL CANADA CO., THE PLAINTIFF, DEVON A. PRIDMORE, ALLEGES:

        1.      The plaintiff, DEVON A. PRIDMORE, at all times hereinafter mentioned,

was and still is a resident of the Town of Elba, located within the County of Genesee and

in the State of New York.

        2.      Upon information and belief, at all times hereinafter mentioned, the

defendant, SYED ALI ZAIN, was and still is a resident of the City of Brampton, located

within the Province of Ontario, Canada.

        3.      The defendant, MITSUBISHI HC CAPITAL CANADA, INC. f/k/a HITACHI

CAPITAL CANADA CO. (hereinafter referred to as "MITSUBISHI"), at all times hereinafter

mentioned, was and still is a Canadian Provincial Corporation duly organized and existing

under and by virtue of the laws of Canada-Ontario and maintains an office for the transaction of business located within the City of Burlington, located within the Province of Ontario, Canada.

4.      Upon information and belief, at all times hereinafter mentioned, the defendant, MITSUBISHI, was and still is doing and transacting business within the State of New York.

5.      Upon information and belief, at all times hereinafter mentioned, the defendants, SYED ALI ZAIN and/or MITSUBISHI, were the owners of a certain motor vehicle bearing Ontario license plate number 5509PX.

6.      Upon information and belief, at all times hereinafter mentioned, the defendant, SYED ALI ZAIN, was the operator of the aforesaid motor vehicle bearing Ontario license plate number 5509PX.

7.      Upon information and belief, at all times hereinafter mentioned, the defendant, MITSUBISHI, registered the aforesaid motor vehicle bearing Ontario license plate number 5509PX.

8.      Upon information and belief, at all times hereinafter mentioned, the defendant, SYED ALI ZAIN, entered into an agreement and/or contract with the defendant, MITSUBISHI, to lease the aforesaid motor vehicle bearing Ontario license plate number 5509PX.

9.      Upon information and belief, at all times hereinafter mentioned, the defendant, SYED ALI ZAIN, operated the vehicle alleged to have been owned by the defendant, MITSUBISHI, with the permission and consent of the defendant-owner.

Case 1:23-cv-01085-LJV-LGF   Document 1-2   Filed 10/16/23   Page 8 of 52

10.     Upon information and belief, at all times hereinafter mentioned, the defendant, SYED ALI ZAIN, was employed by the defendant, MITSUBISHI, and was acting within the scope of his employment.

11.     On or about the 31st day of January, 2019, the plaintiff, DEVON A. PRIDMORE, was operating his vehicle on Lewiston Road at a point near its intersection with Salt Road, both public highways located within the Town of Alabama, County of Genesee and the State of New York, when the vehicle operated by the defendant, SYED ALI ZAIN, came into contact with the vehicle operated by the plaintiff.

12.     Upon information and belief, the alleged incident, hereinbefore described, was caused as a result of the negligent, careless, reckless and unlawful conduct on the part of the defendants.

13.     As a result of the alleged incident, the plaintiff, DEVON A. PRIDMORE, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to his nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to hospital, bed and home; was caused to and did incur great medical expense and may incur further medical expense; was caused to be incapacitated from his usual activities and employment, and may be further incapacitated.

14.     Upon information and belief, the plaintiff, DEVON A. PRIDMORE, has sustained a serious injury as defined by Section 5102 of the New York State Insurance Law, and has suffered basic economic loss as well as other economic loss as special damages.

15.    Upon information and belief, the defendant, MITSUBISHI, is liable for the actions of defendant, SYED ALI ZAIN, based on theory of <u>respondeat superior</u>.

16.    This action falls within one or more of the exceptions set forth in CPLR §1602.

17.    As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST THE DEFENDANT, MITSUBISHI,
THE PLAINTIFF, DEVON A. PRIDMORE, ALLEGES:**

18.    Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" of this Complaint with the same force and effect as if fully set forth herein.

19.    Upon information and belief, at all times herein mentioned, the defendant, SYED ALI ZAIN, was employed by the defendant, MITSUBISHI, as a truck driver.

20.    Upon information and belief, the alleged incident hereinbefore described was caused as a result of the negligent, careless, reckless and unlawful conduct on the part of the defendant, MITSUBISHI, among other things, in failing and omitting to properly train its drivers, in failing and omitting to properly and adequately screen persons with access to or authorization to use the vehicle under its ownership, in failing and omitting to properly supervise its drivers, and in negligently hiring the defendant, SYED ALI ZAIN.

21.    As a result of the alleged incident, the plaintiff, DEVON A. PRIDMORE, sustained serious injuries as hereinbefore more fully set forth.

22.     As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants, either jointly or severally, in the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; in the Second Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:      Buffalo, New York
            November 10, 2021

                            **LIPSITZ GREEN SCIME CAMBRIA LLP**

                            By: _____
                                 CHERIE L. PETERSON, ESQ.
                            Attorneys for Plaintiff
                            Office and P.O. Address
                            42 Delaware Avenue, Suite 120
                            Buffalo, NY 14202
                            (716) 849-1333
                            [CLP: #65459.0001]

STATE OF NEW YORK
SUPREME COURT  : COUNTY OF GENESEE

_____

DEVON A. PRIDMORE

                Plaintiff

vs.                                                                  Index No. _____

SYED ALI ZAIN and
MITSUBISHI HC CAPITAL CANADA, INC.
f/k/a HITACHI CAPITAL CANADA CO.

                Defendants

_____

### NOTICE OF COMMENCEMENT OF ACTION
### SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts.  This notice is being served as required by Subdivision (b)(3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties.  Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF.  Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing.  For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile, or contact the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated:  November 10, 2021

_____ (Signature)      (716) 849-1333, Ext. 417 (Phone)

Cherie L. Peterson_____ (Name)      (716) 855-1580_____ (Fax)

Lipsitz Green Scime Cambria LLP_____ (Firm)      cpeterson@lglaw.com___ (E-mail)

42 Delaware Avenue, Suite 120  (Address)

Buffalo, New York 14202_____

TO:

SYED ALI ZAIN
49 Colonel Frank Ching Crescent
Burlington, Ontario L6Y5W4
CANADA

MITSUBISHI HC CAPITAL CANADA, INC.
f/k/a HITACHI CAPITAL CANADA CO.
3390 South Service Road, Suite 301
Burlington, Ontario L7N3J5
CANADA

NYSCEF DOC. NO. 2- AFFIDAVIT OF SERVICE AS TO
DEFENDANT MITSUBISHI

Plaintiff(s): DEVON A. PRIDMORE
4575 Barriville Road
Elba, NY 14058

v.

Defendant(s): SYED ALI ZAIN and MITSUBISHI HC CAPITAL INC. f/k/a
HITACHI APAITAL CANADA INC.
3390 South Service Road, Suite #301
Burlington, Ontario Canada L6Y 5W4

CANADA                          )
PROVINCE OF ONTARIO    ).ss:

I, **Duncan Brewer**, the undersigned, being duly sworn, deposes and says that I was, at t
of service, over the age of eighteen, and I am not a party to this action. I reside in Water
Ontario, Canada.

On **Tuesday November 16, 2021, at**, around **3:00pm.**, at 3390 South Service Rd, Burlin
Ontario, I served the filed **SUMMONS & COMPLAINT** in this action upon **Mitsubishi HC**
**Capital Canada, Inc f/k/a Hitachi Capital Canada Co.** by serving true copies of the san
hand to **Samantha Wilson - Administrator**, who stated to me she was an agent authori
accept service on behalf of Mitsubishi HC Capital Canada.

**Description:**

Gender: ____f____; Race/Skin: _____w_____; **Approx.** Age: __25____

Approx. Height: ____5' 2____; Approx. Weight: _____**lbs.**; Hair: _____;

Other Identifying Features (if any): _____.

Signature

Duncan Brewer

Print Name

Subscribed and Sworn to
before me on ___Nov 24___, 2021          Exhibit "A", pg. 13

NYSCEF DOC. NO. 3- AFFIDAVIT OF SERVICE AS TO
DEFENDANT SYED ALI ZAIN

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

SUPREME COURT
STATE OF NEW YORK, COUNTY OF GENESEE

Purchased/Filed: November 12, 2021
Index #  E69528

---

*Devin A Pridmore*                                          Plaintiff

against

*Syed Ali Zain., et ano*                                    Defendant

---

STATE OF NEW YORK          SS.:
COUNTY OF ALBANY

___James Perone___, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on ___December 7, 2021___, at ___11:00 AM___, at the office of the Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed Summons and Complaint with Notice of Commencement of Action Subject to Mandatory Electronic Filing on

___Syed Ali Zain___, the Defendant in this action, by delivering to and leaving with ___Sue Zouky___, AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY, _1_ true copies thereof and that at the time of making such service, deponent paid said Secretary of State a fee _10_ dollars; That said service was made pursuant to Section _253 Vehicle and Traffic Law_. Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant

Description of the person served:  Approx. Age: __55-60__   Approx. Wt: __125lbs__   Approx. Ht: __5'1__

Color of skin: __White__   Hair color: __Red/Blonde__   Sex: __Female__   Other: _____

Sworn to before me on this

__10th__ day of February 2022

_____
HEATHER MORIGERATO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MO6261464
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES MAY 14, 2024

_____
James Perone
Attny's File No. 64549.0001
Invoice-Work Order # S1869197

*SERVICO. INC.. P.O. BOX 871. ALBANY. NY 12201*

Exhibit "A" pg. 15
1  of  2

SUPREME COURT STATE OF NEW YORK, COUNTY OF GENESEE

*Devin A Pridmore*
*vs*
*Syed Ali Zain., et ano*

## SUPPLEMENTAL AFFIDAVIT OF SERVICE/MAILING

James Perone ,being duly sworn, says:

I am over the age of 18 years and am not a party to this action.  On **12/13/2021** I sent on behalf of the Plaintiff herein a copy of the

Summons and Complaint with Notice of Commencement of Action Subject to Mandatory Electronic Filing

with notice of the service upon the Secretary of State thereof to **Syed Ali Zain** , the Defendant herein, by **Registered** mail **#RB816213800US** in a securely sealed envelope with sufficient postage thereon with return receipt requested addressed to:

Syed Ali Zain


SYED ALI ZAIN 49 COLOEL FRANK CHING CRESCENT BURLINGTON ONTARIO L6YSW4 CANADA ADDITIONAL COPY SENT USPS




ATTACHED HERETO AND MADE A PART HEREOF IS THE
☐ RETURN RECEIPT FROM THE DEFENDANT
☒ RETURNED MAIL
    ☒ UNCLAIMED
    ☐ RETURNED TO SENDER
    ☐ UNDELIVERABLE AS ADDRESSED


Sworn to before me on this

___10th___ day of February 2022

HEATHER MORIGERATO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MO6261464
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES MAY 14, 2024

James Perone
**Attny's File No.** 64549.0001
Invoice•Work Order # S1869197

*SERVICO, INC., P.O. BOX 871, ALBANY, NY 12201*

NYSCEF DOC. NO. 4- AFFIDAVIT OF COMPLIANCE
AS TO SERVICE UPON
DEFENDANT SYED ALI ZAIN

STATE OF NEW YORK
SUPREME COURT : COUNTY OF GENESEE

---

DEVON A. PRIDMORE

                                 Plaintiff

                                 **AFFIDAVIT OF COMPLIANCE
PURSUANT TO NY VTL §253**

vs.

                                   Index No.   E69528

SYED ALI ZAIN and
MITSUBISHI HC CAPITAL CANADA, INC.
f/k/a HITACHI CAPITAL CANADA CO.

                                 Defendants

---

STATE OF NEW YORK     )
COUNTY OF ERIE         ) SS:

      CHERIE L. PETERSON, ESQ., being duly sworn, deposes and says:

      1.      I am an attorney at law admitted to practice in the State of New York and

am a senior partner at Lipsitz Green Scime Cambria, LLP, attorneys for the plaintiff.  As

such, I am fully familiar with the facts and circumstances addressed below.

      2.      This Affidavit is submitted as proof that defendant Syed Ali Zain was duly

served with the Summons and Complaint in this action in compliance with NY VTL

§253.

      3.      Defendant Syed Ali Zain is the driver of a motor vehicle involved in the

accident at issue in this case.  The police report lists Syed Ali Zain as residing at 49

Colonel Frank Ching Crescent, Brampton, Ontario, Canada LGY5W4.  See Exhibit A

(Police Report).

4408062.1, 065459.0001

4.      On November 12, 2021, this action was commenced by the filing of a Summons and Complaint with the Genesee County Clerk's Office.  See Exhibit B (Summons and Complaint).

5.      The Summons and Complaint were thereafter delivered on December 7, 2021 to the Office of the New York Secretary of State along with a fee of $10.00.  See Exhibit C (Affidavit of Service and Receipt).  The Affidavit of Service through the Secretary of State was filed with the Genesee County Clerk's Office on March 4, 2022.

6.      On December 13, 2021, your deponent's office mailed to Syed Ali Zain the Summons and Complaint along with a copy of the filed Affidavit of Service through the Secretary of State.  The correspondence was sent via international registered mail, return receipt requested and was "unclaimed".  See Exhibit D (Registered Mail Envelope and Receipt).

7.      This Affidavit of Compliance is being filed within 30 days after the International Return Receipt was received by your deponent's office.

CHERIE L. PETERSON, ESQ.

Sworn to before me this
7th day of March, 2022.

Notary Public
STEPHANIE L. JAEGERS
No. 01JA4961581
Notary Public, State of New York
Qualified in Erie County
My Commission Expires   1/20/22

1408062.1_065459.0001

NYSCEF DOC. NO. 5- EXHIBIT A (POLICE REPORT) TO
AFFIDAVIT OF COMPLIANCE

Ticket/Arrest
Number(s)

Violation
Section(s)

ck if involved vehicle is:
nore than 95 inches wide;
nore than 34 feet long;
perated with an overweight permit;
perated with an overdimension permit.

Circle the diag
diagram in spa

Rear End



1.

## VEHICLE 2 DAMAGE CODES

| 1 - Point of Impact | | 8 ¹ | 8 ² |
| 2 - Most Damage | | | |
| er up to three | 9 ³ | 8 ⁴ | 7 ⁵ |
| e Damage Codes | | | |

Sideswipe
(same direction)

2.

## ACCIDENT DIA

cle      By
ed:

To

There is no a

4          5          6          7

13                              8

9.

12        11        10          9

Cost of repair

☐ Unknov

e Where Accident Occurred:

Exhibit "A", pg. 21

Ticket/Arrest
Number(s)

Violation
Section(s)

:k if involved vehicle is:
nore than 95 inches wide;
nore than 34 feet long;
perated with an overweight permit;
perated with an overdimension permit.

Circle the diag
diagram in spa

Rear End



1.

Sideswipe
(same direction)

2.

**ACCIDENT DIA**

## VEHICLE 2 DAMAGE CODES

| 1 - Point of Impact<br>2 - Most Damage | 11¹ | 11² |
|---|---|---|
| er up to three<br>e Damage Codes | 11³ | 10⁴ | 12⁵ |

There is no a

cle   By   DIKENSONS AUTO
ed:   To   DIKENSONS AUTO

9.

Cost of repai

☐ Unkno

e Where Accident Occurred:

Exhibit "A" pg. 22

Ticket/Arrest
Number(s)

Violation
Section(s)

:ck if involved vehicle is:
nore than 95 inches wide;
nore than 34 feet long;
perated with an overweight permit;
perated with an overdimension permit.

Circle the diag
diagram in spa

Rear End



1.

Sideswipe
(same direction)

2.

ACCIDENT DIA

## VEHICLE 2 DAMAGE CODES

| 1 - Point of Impact | | 1 | 2 |
|---|---|---|---|
| 2 - Most Damage | | | |
| er up to three | 3 | 4 | 5 |
| e Damage Codes | | | |

:le     By
ed:

       To

There is no a

| 4 | 5 | 6 | 7 |

| 13 | 8 |

9.

| 12 | 11 | 10 | 9 |

Cost of repai

☐ Unkno

e Where Accident Occurred:
GENE

Exhibit "A", pg. 23
EXCELSIOR



Exhibit "A", pg. 24

This is to certify that this document is a true and complete copy of a record on
file in the New York State Department of Motor Vehicles, Albany, New York.

EXECUTIVE DEPUTY COMMISSIONER OF MOTOR VEHICLES

NYSCEF DOC. NO. 6- EXHIBIT B (SUMMONS AND
                              COMPLAINT) TO
                              AFFIDAVIT OF COMPLIANCE

STATE OF NEW YORK
SUPREME COURT   :   COUNTY OF GENESEE
_____

DEVON A. PRIDMORE
4575 Barriville Road                                   Index No.
Elba, NY 14058
                                                       Plaintiff designates Genesee
                                    Plaintiff          County as the place of trial

vs.                                                    The basis of venue is
                                                       plaintiff's residence
SYED ALI ZAIN
49 Colonel Frank Ching Crescent
Burlington, Ontario L6Y5W4
CANADA                                                 **SUMMONS**

                                                       The plaintiff resides at:
MITSUBISHI HC CAPITAL CANADA, INC.
f/k/a HITACHI CAPITAL CANADA CO.                       4575 Barriville Road
3390 South Service Road, Suite 301                     Elba, NY 14058
Burlington, Ontario L7N3J5
CANADA                                                 County of Genesee

                                    Defendants

_____

TO THE ABOVE NAMED DEFENDANTS:

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to
serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve
a notice of appearance, on the Plaintiff(s) Attorneys within TWENTY (20) DAYS after the
service of this Summons, exclusive of the day of service or within THIRTY (30) DAYS after
the service is complete if this Summons is not personally delivered to you within the State
of New York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the Complaint.

DATED:        Buffalo, New York
              November 10, 2021

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By: _____

CHERIE L. PETERSON, ESQ.

Attorneys for Plaintiff

Office and P.O. Address

42 Delaware Avenue, Suite 120

Buffalo, New York 14202-3924

(716) 849-1333

[CLP: #64549.0001]

STATE OF NEW YORK
SUPREME COURT : COUNTY OF GENESEE
_____

DEVON A. PRIDMORE

                                    Plaintiff          **COMPLAINT**

vs.
                                                       Index No.

SYED ALI ZAIN and
MITSUBISHI HC CAPITAL CANADA, INC.
f/k/a HITACHI CAPITAL CANADA CO.

                                    Defendants

_____

Plaintiff, above named, by his attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP,

for his Complaint against the defendants, alleges:

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST THE DEFENDANTS, SYED ALI ZAIN AND
MITSUBISHI HC CAPITAL CANADA, INC. F/K/A
HITACHI CAPITAL CANADA CO., THE
PLAINTIFF, DEVON A. PRIDMORE, ALLEGES:**

1.      The plaintiff, DEVON A. PRIDMORE, at all times hereinafter mentioned,

was and still is a resident of the Town of Elba, located within the County of Genesee and

in the State of New York.

2.      Upon information and belief, at all times hereinafter mentioned, the

defendant, SYED ALI ZAIN, was and still is a resident of the City of Brampton, located

within the Province of Ontario, Canada.

3.      The defendant, MITSUBISHI HC CAPITAL CANADA, INC. f/k/a HITACHI

CAPITAL CANADA CO. (hereinafter referred to as "MITSUBISHI"), at all times hereinafter

mentioned, was and still is a Canadian Provincial Corporation duly organized and existing

under and by virtue of the laws of Canada-Ontario and maintains an office for the transaction of business located within the City of Burlington, located within the Province of Ontario, Canada.

4.     Upon information and belief, at all times hereinafter mentioned, the defendant, MITSUBISHI, was and still is doing and transacting business within the State of New York.

5.     Upon information and belief, at all times hereinafter mentioned, the defendants, SYED ALI ZAIN and/or MITSUBISHI, were the owners of a certain motor vehicle bearing Ontario license plate number 5509PX.

6.     Upon information and belief, at all times hereinafter mentioned, the defendant, SYED ALI ZAIN, was the operator of the aforesaid motor vehicle bearing Ontario license plate number 5509PX.

7.     Upon information and belief, at all times hereinafter mentioned, the defendant, MITSUBISHI, registered the aforesaid motor vehicle bearing Ontario license plate number 5509PX.

8.     Upon information and belief, at all times hereinafter mentioned, the defendant, SYED ALI ZAIN, entered into an agreement and/or contract with the defendant, MITSUBISHI, to lease the aforesaid motor vehicle bearing Ontario license plate number 5509PX.

9.     Upon information and belief, at all times hereinafter mentioned, the defendant, SYED ALI ZAIN, operated the vehicle alleged to have been owned by the defendant, MITSUBISHI, with the permission and consent of the defendant-owner.

10.     Upon information and belief, at all times hereinafter mentioned, the defendant, SYED ALI ZAIN, was employed by the defendant, MITSUBISHI, and was acting within the scope of his employment.

11.     On or about the 31st day of January, 2019, the plaintiff, DEVON A. PRIDMORE, was operating his vehicle on Lewiston Road at a point near its intersection with Salt Road, both public highways located within the Town of Alabama, County of Genesee and the State of New York, when the vehicle operated by the defendant, SYED ALI ZAIN, came into contact with the vehicle operated by the plaintiff.

12.     Upon information and belief, the alleged incident, hereinbefore described, was caused as a result of the negligent, careless, reckless and unlawful conduct on the part of the defendants.

13.     As a result of the alleged incident, the plaintiff, DEVON A. PRIDMORE, sustained bodily injuries and was painfully and seriously injured, and some of the injuries may result in permanent defects; was rendered sick, sore, lame and disabled; sustained pain and suffering and shock to his nerves and nervous system; was caused to and did seek medical aid and attention; was caused to be confined to hospital, bed and home; was caused to and did incur great medical expense and may incur further medical expense; was caused to be incapacitated from his usual activities and employment, and may be further incapacitated.

14.     Upon information and belief, the plaintiff, DEVON A. PRIDMORE, has sustained a serious injury as defined by Section 5102 of the New York State Insurance Law, and has suffered basic economic loss as well as other economic loss as special damages.

-3-

15.     Upon information and belief, the defendant, MITSUBISHI, is liable for the actions of defendant, SYED ALI ZAIN, based on theory of <u>respondeat superior</u>.

16.     This action falls within one or more of the exceptions set forth in CPLR §1602.

17.     As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE DEFENDANT, MITSUBISHI,
### THE PLAINTIFF, DEVON A. PRIDMORE, ALLEGES:

18.     Repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" of this Complaint with the same force and effect as if fully set forth herein.

19.     Upon information and belief, at all times herein mentioned, the defendant, SYED ALI ZAIN, was employed by the defendant, MITSUBISHI, as a truck driver.

20.     Upon information and belief, the alleged incident hereinbefore described was caused as a result of the negligent, careless, reckless and unlawful conduct on the part of the defendant, MITSUBISHI, among other things, in failing and omitting to properly train its drivers, in failing and omitting to properly and adequately screen persons with access to or authorization to use the vehicle under its ownership, in failing and omitting to properly supervise its drivers, and in negligently hiring the defendant, SYED ALI ZAIN.

21.     As a result of the alleged incident, the plaintiff, DEVON A. PRIDMORE, sustained serious injuries as hereinbefore more fully set forth.

22.    As a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants, either jointly or severally, in the First Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; in the Second Cause of Action in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

DATED:     Buffalo, New York
           November 10, 2021

                              **LIPSITZ GREEN SCIME CAMBRIA LLP**


                              By: _____
                                   CHERIE L. PETERSON, ESQ.
                              Attorneys for Plaintiff
                              Office and P.O. Address
                              42 Delaware Avenue, Suite 120
                              Buffalo, NY 14202
                              (716) 849-1333
                              [CLP: #65459.0001]

STATE OF NEW YORK
SUPREME COURT  : COUNTY OF GENESEE

_____

DEVON A. PRIDMORE

                    Plaintiff

vs.                                                          Index No. _____

SYED ALI ZAIN and
MITSUBISHI HC CAPITAL CANADA, INC.
f/k/a HITACHI CAPITAL CANADA CO.

                    Defendants

_____

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

        PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts.  This notice is being served as required by Subdivision (b)(3) of that Section.

        The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties.  Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF.  Failure to do so may result in an inability to receive electronic notice of document filings.

        Exemptions from mandatory e-filing are limited to: (1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and (2) self-represented parties who choose not to participate in e-filing.  For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile, or contact the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated:  November 10, 2021

_____ (Signature)          (716) 849-1333, Ext. 417 (Phone)

Cherie L. Peterson                    (Name)          (716) 855-1580          (Fax)

Lipsitz Green Scime Cambria LLP      (Firm)          cpeterson@lglaw.com   (E-mail)

42 Delaware Avenue, Suite 120  (Address)

Buffalo, New York 14202

TO:

SYED ALI ZAIN
49 Colonel Frank Ching Crescent
Burlington, Ontario L6Y5W4
CANADA

MITSUBISHI HC CAPITAL CANADA, INC.
f/k/a HITACHI CAPITAL CANADA CO.
3390 South Service Road, Suite 301
Burlington, Ontario L7N3J5
CANADA

NYSCEF DOC. NO. 7- EXHIBIT C (AFFIDAVIT OF SERVICE
AS TO DEFENDANT SYED ALI ZAIN)
TO AFFIDAVIT OF COMPLIANCE

## AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

SUPREME COURT
STATE OF NEW YORK, COUNTY OF GENESEE

Purchased/Filed: November 12, 2021
Index #  E69528

_____

*Devin A Pridmore*                                    Plaintiff

against

*Syed Ali Zain., et ano*                              Defendant

_____

STATE OF NEW YORK          SS.:
COUNTY OF ALBANY

_____ James Perone _____ , being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ December 7, 2021 _____ , at __11:00 AM__ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Complaint with Notice of Commencement of Action Subject to Mandatory Electronic Filing

on

_____ Syed Ali Zain _____ , the

Defendant in this action, by delivering to and leaving with _____ Sue Zouky _____ ,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the Office of

the Secretary of State of the State of New York, 99 Washington Avenue, Albany, NY, _1_ true copies thereof and that

at the time of making such service, deponent paid said Secretary of State a fee _10_ dollars; That said service was

made pursuant to Section _253 Vehicle and Traffic Law_. Deponent further says that deponent knew the person so

served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized

to accept such service on behalf of said defendant

Description of the person served:  Approx. Age: __55-60__    Approx. Wt: __125lbs__    Approx. Ht: __5'1__

Color of skin: __White__    Hair color: __Red/Blonde__   Sex: __Female__    Other: _____

Sworn to before me on this

__10th__ day of February 2022

_____
HEATHER MORIGERATO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MO6261464
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES MAY 14, 2024

_____
James Perone
Attny's File No. 64549.0001
Invoice•Work Order # S1869197

SUPREME COURT STATE OF NEW YORK, COUNTY OF GENESEE

*Devin A Pridmore*
*vs*
*Syed Ali Zain., et ano*

SUPPLEMENTAL AFFIDAVIT OF SERVICE/MAILING

James Perone ,being duly sworn, says:

I am over the age of 18 years and am not a party to this action.  On **12/13/2021** I sent on behalf of the Plaintiff herein a copy of the

Summons and Complaint with Notice of Commencement of Action Subject to Mandatory Electronic Filing

with notice of the service upon the Secretary of State thereof to **Syed Ali Zain** , the Defendant herein, by **Registered** mail **#RB816213800US** in a securely sealed envelope with sufficient postage thereon with return receipt requested addressed to:

Syed Ali Zain

SYED ALI ZAIN 49 COLOEL FRANK CHING CRESCENT BURLINGTON ONTARIO L6YSW4 CANADA ADDITIONAL COPY SENT USPS

ATTACHED HERETO AND MADE A PART HEREOF IS THE
☐ RETURN RECEIPT FROM THE DEFENDANT
☒ RETURNED MAIL
    ☒ UNCLAIMED
    ☐ RETURNED TO SENDER
    ☐ UNDELIVERABLE AS ADDRESSED

Sworn to before me on this

__10th__ day of February 2022

HEATHER MORIGERATO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01MO6261464
QUALIFIED IN ALBANY COUNTY
COMMISSION EXPIRES MAY 14, 2024

James Perone
**Attny's File No.** 64549.0001
Invoice•Work Order # S1869197

*SERVICO, INC., P.O. BOX 871, ALBANY, NY 12201*
Exhibit "A", pg. 37
2 of 2

NYSCEF DOC. NO. 8- EXHIBIT D (REGISTERED MAILING
                        TO DEFENDANT SYED ALI ZAIN) TO
                        AFFIDAVIT OF COMPLIANCE

**Registered No.**

RB81621 3800US

| | | | Date Stamp |
|---|---|---|---|
| Postage $ | $1.30 | Extra Services & Fees (continued) | |
| Extra Services & Fees | | ☐ Signature Confirmation $ | |
| ☐ Registered Mail $ | $17.15 | ☐ Signature Confirmation Restricted Delivery | DEC 13 2021 |
| ☐ Return Receipt (hardcopy) $ | $4.25 | $ | |
| ☐ Return Receipt (electronic) $ | $0.00 | Total Postage & Fees | |
| ☐ Restricted Delivery $ | $0.00 | $ | |
| Customer Must Declare Full Value $ | $0.00 | Received by 12/13/2021 | Domestic Insurance up to $50,000 is included based upon the declared value. International Indemnity is limited. (See Reverse). |

To Be Completed By Post Office

**OFFICIAL USE**

RB81 4213 800 US

To Be Completed By Customer (Please Print) All Entries Must Be in Ballpoint or Typed

FROM
ALBANY, NY 12206

PO Box 871
Albany, NY 12201

TO
Syed Ali Zain
49 Colonel Frank Ching Crescent
Burlington Ontario L6Y5W4
Canada

PS Form **3806, Registered Mail Receipt**
April 2015, PSN 7530-02-000-9051          Copy 1 - Customer
(See Information on Reverse)
For domestic delivery information, visit our website at www.usps.com ®

INDEX NO. E69528

RECEIVED NYSCEF: 03/07/2022

FILED: GENESEE COUNTY CLERK 03/07/2022 03:02 PM

NYSCEF DOC. NO. 8



Return to Sender
Renvoi à l'expéditeur

This item is being
returned because:

Envoi retourné pour
la raison suivante :

Unclaimed / Non réclamé

No such
Address

Adresse
inexistante

Address
Incomplete

Adresse
incomplète

Moved/
Unknown

Déménagé /
Inconnu

No such
Post Office

Bureau
inexistant

Refused

Refusé

Amount Due   Montant dû

$

33-086-848 (08/04)

Exhibit "A", pg. 40



U.S. POSTAGE PAID
FCMI LTR
ALBANY, NY
12206
DEC 13, 21
AMOUNT

**$0.00**

R2305H129582-65

9400         291

Return to Sender
Envoi à l'expéditeur

This item is being          Envoi retourné pour
returned because:          la raison suivante :

Unclaimed    ☒  Non réclamé

No such       ☐  Adresse
Address          inexistante

Address       ☐  Adresse
Incomplete     incomplète

Moved/        ☐  Déménagé /
Unknown        Inconnu

No such       ☐  Bureau
Post Office     inexistant

Refused      ☐  Refusé

Amount Due  Montant dû   Initials/
                              Initiales
$

-086-648 (08-04)

RTS RAE   L5Va

Reason: Unclaimed
Raison : Non réclamé

RPG | PRG

International Register | Recommandé - international

RB 816 213 800 US

PO Box 871
Albany, NY 12201

Exhibit "A" pg. 41

NYSCEF DOC. NO. 9- ANSWER ON BEHALF OF
DEFENDANTS

Case 1:23-cv-01085-LJV-LGF   Document 1-2   Filed 10/16/23   Page 44 of 52

STATE OF NEW YORK
SUPREME COURT          COUNTY OF GENESEE

DEVON A. PRIDMORE,

                                        Plaintiff,

         -against-                                          **ANSWER**

SYED ALI ZAIN and MITSUBISHI HC CAPITAL                     Index No: E69528
CANADA, INC. f/k/a HITACHI CAPITAL
CANADA, CO,

                                        Defendants.

_____

     Defendants SYED ALI ZAIN and MITSUBISHI HC CAPITAL CANADA, INC. f/k/a HITACHI CAPITAL CANADA, CO. by and through their attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP as and for an answer to plaintiff's complaint here by state as follows:

### AS AND FOR A RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION

    1.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1" through "3" of the complaint.

    2.    Defendants deny the allegations contained in paragraphs "4" through "17" of the complaint.

### AS AND FOR A RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION

    3.    Defendants repeat and reiterate each and every admission, denial and denial of sufficient information contained within paragraphs "1" through "17" above as and for a response to paragraph "18" of plaintiff's complaint.

    4.    Defendants deny the allegations contained in paragraphs "19" through "22" of the complaint.

5.      Any and all allegations not specifically addressed above are hereby denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.      Upon information and belief, plaintiff's economic loss, if any, as specified in Section 4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and this answering defendants are entitled to have this Court consider the same in determining such special damages as provided in Section 4545 of the CPLR.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.      If the injuries and damages were sustained by the plaintiff(s) at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the comparative negligence of plaintiff(s), and if any damages are recoverable against the answering defendant(s), the amount of such damages shall be diminished in proportion with the comparative negligence which caused the damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.      Upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some third person or persons over whom answering defendants neither had nor exercised control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.      That the occurrence alleged herein was spontaneous and unavoidable and created an emergency situation.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10.     Plaintiffs fail to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages and disabilities alleged in the plaintiff's complaint.

274765015v.1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11.     The plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

12.     In the event any co-defendants or other tortfeasors settle with the plaintiff, as a result of the damages alleged in this action or if the plaintiffs discontinue against any co-defendants this answering defendants reserve their rights under General Obligations Law Section 15-108 and in general to prove any and all negligence on the part of said settling co-defendants and/or tortfeasors at a trial of this action.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

13.     If and in the event this answering defendants are found to be liable to the plaintiffs, the answering defendants' liability is limited by the provisions of Article 16 of the CPLR.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

14.     The injuries, losses and damages and occurrences alleged in the Complaint were the result of an independent and intervening and superseding cause or causes over which answering defendants had no control or right of control and in no way participated.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs have failed to obtain personal jurisdiction over answering defendants, SYED ALI ZAIN and MITSUBISHI HC CAPITAL CANADA, INC. f/k/a HITACHI CAPITAL CANADA, CO.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

16.     While this answering defendants deny the plaintiff's allegations of negligence, liability, statutory liability, strict liability, injury and damages, if proven, they were the result of intervening and/or interceding acts of superseding negligence, liability, statutory liability, strict

274765015v.1

liability on the part of parties which this answering defendants neither control nor have the right to control, and for which acts or omissions the answering defendants are not legally responsible.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17.     Plaintiffs allege damages, if any, were caused in whole or in part by pre-existing medical and/or health conditions.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18.     Upon information and belief, the plaintiff's injuries, if any, were increased or caused by plaintiff's failure to use and wear seat belts at the time of the occurrence and, under the applicable laws, plaintiffs may not recover for those injuries which they would not otherwise have sustained.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

19.     The instant lawsuit may not be maintained pursuant to 5102(d) of the New York State Insurance Law as the plaintiffs did not sustain serious injuries.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

20.     The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

WHEREFORE, defendants, demand judgment dismissing the plaintiff's complaint herein as against Syed Ali Zain and Mitsubishi HC Capital Canada, Inc.. f/k/a Hitachi Capital Canada, CO, together with any other relief this Court deems just and proper.

Dated:  September 1, 2022
        Albany, New York

274765015v.1

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP


*Marc J. Kaim*

Marc J. Kaim, Esq.
*Attorneys for Defendants*
SYED ALI ZAIN and MITSUBISHI HC CAPITAL
CANADA, INC. f/k/a HITACHI CAPITAL
CANADA, CO.
200 Great Oaks Blvd, Suite 228
Albany, New York 12203
(518) 449-8893


TO:   Cherie L. Peterson, Esq.
      LIPSITZ GREEN SCIME CAMBRIA, LLP
      42 Delaware Avenue, Suite 120
      Buffalo, New York 14202
      (716) 849-1333
      cpeterson@lglaw.com


274765015v.1

NYSCEF DOC. NO. 10- DEFENDANTS' DEMAND
                    FOR TOTAL DAMAGES
                    PURSUANT TO CPLR § 3017(c)

STATE OF NEW YORK
SUPREME COURT          COUNTY OF ONONDAGA

DEVON A. PRIDMORE,

Plaintiff,

-against-

**SUPPLEMENTAL DEMANDS**

SYED ALI ZAIN and MITSUBISHI HC CAPITAL
CANADA, INC. f/k/a HITACHI CAPITAL
CANADA, CO,

Index No E69528

Defendants.

Pursuant to CPLR 3017 (c), defendants Syed Ali Zain and Mitsubishi HC Capital Canada, Inc.. f/k/a Hitachi Capital Canada, CO request that within 15 days of the date of this demand, the plaintiff serve a supplemental demand for relief setting forth the total damages to which plaintiff deems themselves entitled.

Dated:  September 1, 2022
          Albany, New York

Yours, etc.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:      *Marc J. Kaim*

Marc J. Kaim, Esq.
*Attorneys for Defendants*
SYED ALI ZAIN and MITSUBISHI HC CAPITAL
CANADA, INC. f/k/a HITACHI CAPITAL
CANADA, CO.
200 Great Oaks Blvd, Suite 228
Albany, New York 12203
 (518) 449-8893

TO:  Cherie L. Peterson, Esq.
      LIPSITZ GREEN SCIME CAMBRIA, LLP
      42 Delaware Avenue, Suite 120
      Buffalo, New York 14202
      (716) 849-1333
      cpeterson@lglaw.com

274765195v.1

NYSCEF DOC. NO. 11- PROOF OF SERVICE OF
                     DEFENDANTS' ANSWER AND
                     DISCOVERY DEMAND

STATE OF NEW YORK
SUPREME COURT          COUNTY OF GENESEE

DEVON A. PRIDMORE,                                    **CERTIFICATE OF SERVICE**

                              Plaintiff,

          -against-                                   Index No.: E69528

SYED ALI ZAIN and MITSUBISHI HC CAPITAL
CANADA, INC. f/k/a NITACHI CAPITAL
CANAND, CO.,

                              Defendants.

_____

        I hereby certify that on September 1, 2022, I electronically served the foregoing *Answer
to Complaint and Supplemental Demand for Damages* with the Clerk of Genesee County using
its ECF system, which would then electronically notify the following ECF participants on this
case:

| Cherie L. Peterson, Esq. | cpeterson@1glaw.com |
|---|---|

DATED:      Albany, New York          **WILSON, ELSER, MOSKOWITZ,**
            September 1, 2022          **EDELMAN & DICKER LLP**

                                       By: *Marc J. Kaim*
                                       _____
                                       Marc J. Kaim, Esq.
                                       *Attorneys for Elvis Verdzeba*
                                       200 Great Oaks Blvd, Suite 228
                                       Albany, New York 12203
                                       (518) 449-8893

1259009v.1